ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL ALTHONE GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-050 |
| | ) | |
| CHERYL PARSONS, Superintendent at | ) | |
| Treutlen Probation Center; VAN HARRIS, | ) | |
| Assistant Superintendent at Treutlen | ) | |
| Probation Center; ROBERT D. CONE, | ) | |
| Probation Officer at Treutlen Probation | ) | |
| Center; and TREUTLEN PROBATION | ) | |
| DETENTION CENTER | ) | |
| ADMINISTRATIVE STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate presently incarcerated at Treutlen Probation Center in Soperton, Georgia, seeks to proceed *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. After a review of Plaintiff's history of case filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* be **DENIED** (doc. no. 3) and that this action be **DISMISSED** without prejudice.[1]

### I. BACKGROUND

A prisoner proceeding *in forma pauperis* in a civil action in federal court must

---

[1] On August 6, 2007, the above-captioned case was transferred from the United States District Court for the Middle District of Georgia. Plaintiff's motion to proceed *in forma pauperis* was pending on transfer.

comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Griffin v. Camden Superior Court, CV 204-042 (S.D. Ga. Aug. 11, 2004); (2) Griffin v. Charlton County Superior Court, CV 504-054 (S.D. Ga. Sept. 1, 2004), and (3) Griffin v. Skorupski, CV 504-063 (S.D. Ga. Sept. 29, 2004).

In each of the cases cited above, Plaintiff filed a complaint that was dismissed for failure to state a claim upon which relief may be granted. Therefore, these previously

---

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

2

dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed *in forma pauperis* in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff does not allege he is in imminent danger; rather, he alleges that he is being detained pursuant to an illegal sentence. (Doc. no. 1, pp. 4-5). Specifically, Plaintiff asserts that on August 22, 2002, he was sentenced to a total of ten years of probation. (Id.). However, on January 29, 2007, his probation was revoked for a technical violation, and he was sentenced to two years of incarceration. (Id.).

Plaintiff asserts he should not be subject to two years of incarceration. (Id.). Although Plaintiff filed a grievance at Treutlen Probation Center regarding his allegedly illegal sentence, Superintendent Parsons responded that Plaintiff's issue was not a grievable matter. (Id.). Plaintiff seeks "compensation and [his] freedom to be granted without any hesitation!" (Id.). Plaintiff's claims do not support a finding of "imminent danger of serious physical injury." Therefore, Plaintiff should not be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III.     CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED** without

3

prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED AND RECOMMENDED this 6th day of September, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE